Curia per
Colcocr, J.
The clause of our act is in the following words: “That any feme covert being a sole trader in this province, shall be liable to any suit or action to be brought against her for any debt contracted as a sole trader, and shall also have full power and authority to sue for and recover, naming the husband for conformity, from any person whatsoever, all such debts as have or shall be contracted with her as a sole trader. And that all proceedings to judgment and execution, by or against such feme covert, being a sole trader, shall be as if such woman was sole and not under coverture, any law or *415 ms tom to the contrary thereof in anywise notwithstanding.”
If we had no other guide to direct us in this case than the act, the opinion of the presiding Judge might be supported ; for it would appear from the construction of the clause, that the joining the husband for conformity relates only to the power which is given to her to sue.— It does seem to have declared in the first part of the clause, that she may be sued for debts contracted as sole trader, without the necessity of the husband being joined, But when we trace this departure from the law, which relates to husband and wife to its source, we cannot but perceive the meaning of the legislature although somewhat ambiguously expressed. This partial dissolution of the contract of marriage originated in a custom of London, and upon turning to the authorities, it will be found to be expressed in language very similar to that of our act, and that oven in the city Courts there the husband must be joined, (as it is said for conformity ) whether she sue or be sued ; and as Lord Eldon says, in the case of Beard & Webb, 2d Bos. & Pul. 99, it will be difficult to shew that the right to sue, and the liability to be sued, do not stand upon the same footing. In that case, the first question was, whether a feme covert, sole trader in London, is liable to be sued as such at Westminster, and whether the husband ought not to be joined in the action? On the first, Lord Eldon decides that she could not be sued in that Court; and, on the second, he goes into a most elaborate argument, and refers to all the authorities that can be found on the subject. And, since his decision in that case, which was in 1800,1 do not find that the point has been questioned, but .seems to be spoken of as settled. In the case of Moreton vs. Packman, et. ux. 2 Keble, 583, and 1st. Modern, 2G, where a procedendo being prayed because the husband was not joined in the *416 action for aie sold, the Court said “they could not try whether the selling of ale be within the custom,1’ nor will any action lie here against her alone. The last of the older cases referred to, is Mrs. Pool’s, 11 Mod. 253, where it is observed by the Court, that a feme covert and sole merchant may be sued sole; so may she sue sole for debts owing to her within the city. . But, says Lord Eldon, it is to ce remarked, that when we meet with the expi’essions of suing and being sued sole in the older books, they mean nothing more than this : that she may be sued in the manner in which a married woman may be sued, who is answerable without her husband. It does not, therefore, follow that the husband is not to be joined for conformity.
The next case examined by Lord Eldon, is that of Lavie and another, assignees of Jane Cox vs. Phillips, et. al. assignees of John Cox, 3 Burr. 1776, the question was, as to the disposition of the wife’s goods. But it became necessary to examine into the custom, and it is said to have been stated from the liber albus, which alleges that if the husband and wife shall be impleaded, in such case, the wife shall plead as a feme sole; the custom therefore supposes the husband to be joined in the action, and I understand that in practice this is invariably observed as to all acts before the plea. The question was argued by the late Lord Chief Justice Eyre, then Recorder of London, who seems to have had no conception that an actibn could be maintained by the city Courts, unless the husband was joined for conformity. Mr. Dunning, who argued the case on the other side, put the right of suing, and the liability to be sued as a sole merchant, upon the same footing.
The next case examined, and the last which I shall notice, is that of Caudell vs. Shaw, 4 Term Rep. 361. The objection to the iudgment was, that the husband ought *417 §o have been impleaded jointly with the wife, though execution must be against the wife only. Lord Mansfield says, it is an application to set aside a judgment entered up without authority, and Mr. Justice Aston says, by better authority, it seems, the action ought to be brought in the city Courts, and the' husband ought to be joined. It is a principle of the common law, that a woman shall never be put to answer without her husband. In this elaborate opinion, Lord Eldon adverts to what may be considered as the only argument against this rule of law, which is, that it is absurd to join a party in an action against whom there can be no judgment. But he say* the question is, whether upon the authority of this single dictum we are to overturn the series of decisions which I have traced from 1st. Edw. --, to the present day.— He concludes by examining some cases of settlements, in which there appear to have been some doubts at least, entertained on this point. But the case of Marshall vs. Rutton, 8 Term Rep. 545, had not been at this time decided, but was pending before the twelve Judges, in which it is decided that a feme covert cannot contract and be sued as a feme sole, even though she be living apart from her husband, having a separate maintenance secured to her by deed.
I am of opinion, therefore, that when the .legislature introduced by act this custom of London, they meant to introduce it as practised there ; and I feel no disposition, nor do I think it comports with the sacred contract of marriage, or the good of the community, to extend this partial dissolution of the husbands authority over the wife, and to subject her to be torn from her family by the rude hands of unfeeling bailiff s, at a moment when, per* haps, they may most need her assistance.

Motion granted.